UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM CRUZ,

                Plaintiff,

-against-

FEDERAL AT I.C.M. MANHATTAN, N.Y.;
DIRECTOR I.C. METRO MANHATTAN;
PSYCHIATRIST, I.C., METRO
MANHATTAN; INMATE (CELLMATE) MR.
MANULEV (?) 6-C-4,

                Defendants.

1:20-CV-4392 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is currently incarcerated in the Pennsylvania State Correctional Institution in Dallas, Pennsylvania, brings this *pro se* action under both the Court's federal question and diversity jurisdiction. He originally filed this action in the United States District Court for the Middle District of Pennsylvania. But by order dated June 8, 2020, that court transferred the action to this Court. *Cruz v. I.C. Metro, Manhattan, New York*, 4:20-CV-0572 (M.D. Pa. June 8, 2020).

    Plaintiff sues (1) the Federal Government; (2) "Federal at I.C.M. Manhattan, N.Y."; (3) "Director, I.C. Metro Manhattan"; (4) "Psychiatrist, I.C. Metro Manhattan"; and (5) a prisoner named "Mr. Manulev," which the Court construes as (1) the United States of America, (2) the federal Metropolitan Correctional Center in New York, New York ("MCC New York"), (3) the warden of MCC New York ("the warden"), (4) a psychiatrist assigned to MCC New York ("the psychiatrist"), and (5) a prisoner held in MCC New York ("Manulev"), respectively. Plaintiff seeks damages, and appears to challenge his conviction and sentence issued on August

18, 2015, by the United States District Court for the Middle District of Pennsylvania in *United States v. Cruz*, 1:11-CR-0242 (M.D. Pa.).[1]

The Court understands Plaintiff's claims for damages as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Federal Tort Claims Act, and state law, and his claims for relief from his federal conviction and sentence as brought under 28 U.S.C. § 2255.

By order dated June 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[2] For the reasons set forth below, the Court (1) transfers Plaintiff's claims for relief under § 2255 to the United States District Court for the Middle District of Pennsylvania, (2) dismisses Plaintiff's remaining claims against the Federal Government and his claims against "Federal at I.C.M. Manhattan, N.Y.," and (3) grants Plaintiff leave to file an amended complaint with respect to his other remaining claims.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Plaintiff has also filed two motions for the appointment of *pro bono* counsel. (ECF 4 & 9.)

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

2

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff's complaint[3] is difficult to understand, but the Court discerns the following allegations: On an unspecified date, while Plaintiff was incarcerated in MCC New York, another prisoner assaulted him.[4] Plaintiff told a correction officer about the assault, and then went to the facility's clinic for medical attention. The psychiatrist visited Plaintiff at the clinic and accused him of wanting to commit suicide. Plaintiff "snapped out at [the psychiatrist] and [the psychiatrist] locked [Plaintiff] up, transferred him to [the Federal Correctional Complex in Butner, North Carolina], and [declared him] incompetent" without an evaluation. (ECF 1, at 4.)

In addition to damages, Plaintiff asks the Court for the "relief to be retroactive." (*Id.*) He "would like a dismissal, an annulment or aniquilate [sic] sentence of 8 yrs from a minimum of 1-2 concurrent. Upgraded for no reason and a promise of an excuse, yet it says lately of it was 80 months from no appeal." (*Id.*)[5] He seeks *habeas corpus* relief under 28 U.S.C. §§ 2241 and 2254, and asks the Court of Appeals for permission to proceed with this action as a "successive" one. (ECF 10, at 1.)

---

[3] In addition to the complaint, Plaintiff has filed a "Motion of Enclosion and Injunction Enuendo [sic]" (ECF 10), which the Court construes as a supplement to the complaint. The Court will refer to the complaint and the supplement collectively as "the complaint."

[4] Plaintiff does not specify whether the prisoner who assaulted him was Manulev.

[5] In a judgment dated August 18, 2015, the United States District Court for the Middle District of Pennsylvania indicated that it convicted Plaintiff of two counts of threatening a federal law enforcement officer; the court sentenced Plaintiff to an aggregate 80-month prison term, to be followed by a 3-year supervised-release term. *Cruz*, 1:11-CR-0242, 175 (M.D. Pa. Aug. 18, 2015). On November 8, 2017, the United States Court of Appeals for the Third Circuit affirmed the judgment of conviction. *United States v. Cruz*, 713 F. App'x 82 (3rd Cir. 2017) (unpublished opinion).

## DISCUSSION

### A.   Relief under 28 U.S.C. § 2255

Part of Plaintiff's complaint seems to challenge his conviction and sentence in *Cruz*, 1:11-CR-0242 (M.D. Pa.). The proper vehicle to bring such a challenge is a motion brought under 28 U.S.C. § 2255, *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001), which must be brought in "the court which imposed the sentence," 28 U.S.C. § 2255(a).

Plaintiff challenges a conviction and sentence that was issued by the United States District Court for the Middle District of Pennsylvania. Accordingly, the Court transfers that portion of Plaintiff's complaint that challenges his conviction and sentence in *Cruz*, 1:11-CR-0242 (M.D. Pa.), to the United States District Court for the Middle District of Pennsylvania.[6] *See* 28 U.S.C. § 1406(a).

### B.   Claims against the United States of America

The doctrine of sovereign immunity bars federal courts from hearing all suits against the United States of America, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586

---

[6] This Court defers to the transferee court about whether to allow Plaintiff the opportunity to withdraw his claims for § 2255 relief before the transferee court's consideration of those claims. *See Castro v. United States*, 540 U.S. 375, 383 (2003) (Before a district court recharacterizes a *pro se* litigant's submission as a § 2255 motion, "the district court must notify the . . . litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.")

(1941). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). If no final written determination is made by the appropriate federal entity within six months of the date of the claimant's filing, the claimant may bring an FTCA action in a federal district court. *See id.* This requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff has failed to allege facts demonstrating that he has filed an administrative claim under the FTCA with a federal entity for damages and has subsequently received a final written determination before bringing this action; he has also failed to allege facts showing that it has been more than six months since he has filed such an administrative claim. Accordingly, the Court dismisses without prejudice Plaintiff's claims against the United States of America (the Federal Government) for damages under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

C.  **Claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* against MCC New York**

The Court understands Plaintiff's claims against MCC New York as claims under *Bivens*. But the Court dismisses those claims for failure to state a claim on which relief may be granted because a *Bivens* claim must be brought against an individual federal officer or employee, not a federal prison. *See* § 1915(e)(2)(B)(ii); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights.").

D.  **Claims under *Bivens* that prison officials failed to protect Plaintiff**

The Court understands Plaintiff's complaint as asserting claims under *Bivens* that officials at MCC New York failed to protect Plaintiff from assault by another prisoner. Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting prisoners from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997).[7] To state a cognizable claim under *Bivens* that a prison official failed to protect a prisoner, the prisoner must allege facts showing that: (1) he was incarcerated under conditions "posing a substantial risk of serious harm"; and (2) the prison official acted with "deliberate indifference" to his safety. *Farmer*, 511 U.S. at 834; *see Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996); *Roseboro v.*

---

[7] Federal courts have analogized claims under *Bivens*, which are brought against federal officers or employees, to those brought against state actors under 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 675 ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].") (internal quotation marks and citation omitted). Case law from claims under § 1983 may be used to address issues in claims under *Bivens*. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (quoting *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)); *see also Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that the district court properly construed claims under § 1983 brought against a federal employee as arising under *Bivens*).

*Gillespie*, 791 F. Supp. 2d 353, 382 (S.D.N.Y. 2011) (discussion in *Bivens* context). A plaintiff can establish deliberate indifference by showing that a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial serious risk of serious harm and disregards that risk by failing to take reasonable measures to abate the harm." *Hayes*, 84 F.3d at 620.

The mere negligence of a prison official is not a basis for a claim under *Bivens*. *See Gasaway v. Williams*, No. 8:11-CV-0549, 2012 WL 264611, at *6 (N.D.N.Y. Jan. 30, 2012) ("negligence is not actionable under *Bivens*"); *Sellers ex rel. Sellers v. Baer*, 28 F.3d 895, 902-03 (8th Cir. 1994) ("Gross negligence on the part of the officers – even assuming their conduct rose to such a level – is not actionable under *Bivens* . . . .").

Plaintiff has failed to allege sufficient facts to suggest that while he was incarcerated in MCC New York, he was subjected to conditions (including any caused by another prisoner) that posed a serious risk of harm to him, and that prison officials at that facility were deliberately indifferent to his safety. The Court grants Plaintiff leave to file an amended complaint in which he alleges sufficient facts to state a claim under *Bivens* that prison officials failed to protect him from a serious risk of harm while he was incarcerated in MCC New York.

### E.    Retaliation claims under *Bivens*

Plaintiff alleges that the psychiatrist "locked [him] up," declared him incompetent without evaluating him, and had him transferred from MCC New York to a federal prison in North Carolina after he "snapped out at" the psychiatrist in response to the psychiatrist's comment that he was trying to commit suicide. (ECF 1, at 4.) Thus, Plaintiff may be attempting

8

to assert a claim under *Bivens* that the psychiatrist retaliated against him for exercising his rights under the First Amendment.

To state a claim of retaliation under *Bivens*, a prisoner must allege facts showing that "(1) the speech or conduct at issue was protected, (2) the defendant took adverse action against the plaintiff, and (3) there was a causal connection between the protected speech and the adverse action." *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004) (internal quotation marks and citation omitted); *Marino v. Watts*, 9:12-CV-0801, 2014 WL 1794588, *5 (N.D.N.Y. May 6, 2014). An adverse action must be "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . . Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection." *Dawes v. Walker*, 239 F.3d 489, 493 (2d Cir. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

Prisoners' claims of retaliation are "'prone to abuse' since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted). Thus, courts should examine them with skepticism. *White v. Hess*, No. 14-CV-3339, 2020 WL 1536379, at *6 (E.D.N.Y. Mar. 31, 2020) ("[C]ourts must approach prisoner claims of retaliation with skepticism and particular care because claims are easily fabricated and because these claims may cause unwarranted judicial interference with prison administration.") (internal quotation marks and citation omitted).

Plaintiff does not allege sufficient facts to state a claim under *Bivens* that the psychiatrist retaliated against him for exercising his rights under the First Amendment. Even assuming that Plaintiff satisfies the first two pleading requirements, he has failed to allege any facts that suggest that there was a causal connection between his protected speech or conduct and the

9

psychiatrist's purported adverse action against him. In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint in which he alleges facts sufficient to state a claim under *Bivens* that the psychiatrist retaliated against him for exercising his rights under the First Amendment.

### F.  Personal involvement of individuals

To state a claim under *Bivens* against an individual federal officer or employee, a plaintiff must allege facts showing the individual's direct and personal involvement in the alleged constitutional deprivation. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006). An individual defendant may not be held liable under *Bivens* solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Under *Bivens*, an individual can be personally involved in a constitutional violation if the individual:

> (1) directly participated in the constitutional violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; (4) was grossly negligent in supervising subordinates who caused the violation; or (5) failed to act on information indicating that unconstitutional acts were occurring.

*Thomas*, 470 F.3d at 496-97.[8]

Plaintiff names the warden as a defendant, but he alleges no facts showing how the warden was personally involved with any of the alleged violations of his federal constitutional

---

[8] "Although the Supreme Court's decision in [*Iqbal*, 556 U.S. 662] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013); *McIntosh v. United States*, No. 14-CV-7889, 2016 WL 1274585, at *14 (S.D.N.Y. Mar. 31, 2016).

rights. The Court grants Plaintiff leave to file an amended complaint in which he names as defendants those individual federal officers or employees who were personally involved in the violations of his federal constitutional rights and alleges facts showing those individuals' personal involvement in the constitutional violations.

G. *Pro bono* counsel

The factors to be considered in ruling on an indigent plaintiff's motion for *pro bono* counsel include the merits of the case, the plaintiff's efforts to obtain a lawyer, and the plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor [that] command[s] the most attention." *Cooper*, 877 F.2d at 172. And even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989).

Because it is too early in the proceedings for the Court to assess the merits of this action, the Court denies Plaintiff's motions for *pro bono* counsel (ECF 4 & 9) without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at a later date.

H. Leave to amend

The Court grants Plaintiff leave to file an amended complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[9] and in the statement of claim those

---

[9] The caption is located on the first page of the amended complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended

11

individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[10] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the limitations period governing this action, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

---

complaint. Any defendants named in the caption must also be discussed in the amended complaint's statement of claim.

[10] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty on August 31, 2018, at the Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

    f)   state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court, *who* violated his federally protected rights, *what* facts show that his federally protected rights were violated, *when* such violation occurred, *where* such violation occurred, and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court understands Plaintiff's claims in which he challenges his conviction and sentence in *United States v. Cruz*, 1:11-CR-0242 (M.D. Pa.), as claims for relief under 28 U.S.C. § 2255, and transfers that portion of the complaint to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

The Court dismisses without prejudice Plaintiff's remaining claims against the Federal Government under the doctrine of sovereign immunity. 28 U.S.C. § 1915(e)(2)(iii).

The Court dismisses Plaintiff's claims against "Federal at I.C.M. Manhattan, N.Y." for failure to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii).

With respect to Plaintiff's other claims, the Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4392 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will

issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss Plaintiff's claims under federal law that the Court has not transferred or dismissed in this order for failure to state a claim on which relief may be granted, *see id.*, and will decline to consider Plaintiff's claims under state law under the Court's supplemental jurisdiction, *see* 28 U.S.C. § 1367(c)(3).[11]

The Court denies Plaintiff's motions for *pro bono* counsel without prejudice to Plaintiff's filing an application for the Court to request *pro bono* counsel at later date. (ECF 4 & 9.)

SO ORDERED.

Dated: July 13, 2020
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[11] The Court understands Plaintiff's claims under state law as asserted under the Court's supplemental jurisdiction because Plaintiff has alleged nothing to suggest that the Court should consider those claims under its original diversity jurisdiction. *See* 28 U.S.C. § 1332(a).