|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 10/13/2020 |

ABRAHAM CRUZ,

                Plaintiff,

         -against-

FEDERAL AT I.C.M. MANHATTAN, N.Y.;
DIR. I.C. METRO MANHATTAN;
PSYCHIATRIST I.C. METRO MANHATTAN;
INMATE (CELLMATE) MR. MANNANLEI,

                Defendants.

1:20-CV-4392 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    Plaintiff, currently incarcerated in the State Correctional Institution in Dallas, Pennsylvania, brings this *pro se* action against federal officials, a federal prison, and a federal prisoner arising from Plaintiff's incarceration at what appears to be the federal Metropolitan Correctional Center in New York, New York ("MCC New York"). He sues: (1) "Federal at I.C. Manhattan," (2) "Dir. I.C. Metro Manhattan," (3) "Psychiatrist I.C. Metro Manhattan," and (4) "Inmate (Cellmate) Mr. Mannanlei." The Court understands the named defendants to be: (1) MCC New York, (2) the Warden of MCC New York while Plaintiff was incarcerated there ("the Warden"), (3) an unidentified psychiatrist employed at MCC New York while Plaintiff was incarcerated there ("the psychiatrist"), and (4) a prisoner and Plaintiff's former cellmate at MCC New York whose last name may be "Mannanlei."[1] Plaintiff, in his amended complaint, and in motions he has filed, seeks damages and seems to challenge his conviction and sentence in

---

[1] Plaintiff filed his original complaint in the United States District Court for the Middle District of Pennsylvania while he was incarcerated in the State Correctional Institution in Houtzdale, Pennsylvania. By order dated June 8, 2020, the Middle District of Pennsylvania transferred this action here. *Cruz v. I.C. Metro Manhattan, New York*, 4:20-CV-0572 (M.D. Pa. June 8, 2020).

*United States v. Cruz*, 1:11-CR-0242 (M.D. Pa.), and what appears to be his Pennsylvania state conviction(s) and sentence(s). The Court construes Plaintiff's claims for damages against federal officials and MCC New York as brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and his claims against Mannanlei as brought under state law.[2]

By order dated June 30, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[3] For the reasons discussed below, the Court dismisses without prejudice Plaintiff's claims in which he challenges his conviction and sentence in *Cruz*, 1:11-CR-0242 (M.D. Pa.), and his claims in which he challenges his Pennsylvania state conviction(s) and sentence(s), as well as his claims against "Federal at I.C. Manhattan." The

---

[2] On July 13, 2020, Judge Louis L. Stanton of this Court issued an order that (1) construed Plaintiff's challenges to his conviction and sentence issued by the Middle District of Pennsylvania in *Cruz*, 1:11-CR-0242 (M.D. Pa.), as brought under 28 U.S.C. § 2255, and transferred that portion of the original complaint back to the Middle District of Pennsylvania (those claims are pending under docket number 1:20-CV-1252 (M.D. Pa.)), (2) dismissed without prejudice Plaintiff's claims against the federal government under the doctrine of sovereign immunity, (3) dismissed Plaintiff's claims under *Bivens* against "Federal at I.C.M. Manhattan" (MCC New York) for failure to state a claim, and (4) granted Plaintiff leave to file an amended complaint to allege sufficient facts to state claims under *Bivens* that MCC New York officials failed to protect him or that the psychiatrist retaliated against him, as well as to name as defendants the individuals who violated his rights and to show their personal involvement in the violations. (ECF 14.) Judge Stanton also denied Plaintiff's motions for *pro bono* counsel without prejudice to filing an application for the Court to request *pro bono* counsel at a later date. (*Id.*)

On August 4, 2020, the Court received Plaintiff's "motion to re-open cases" and his "motion for court appointed attorney." (ECF 15 & 16.) On September 1, 2020, the Court received Plaintiff's amended complaint (ECF 17), which is the operative pleading. Seventeen days later, the Court received Plaintiff's second "motion for court appointed attorney" and his first "motion for conjunxtiveness" [sic]. (ECF 18 & 19.) And on September 22, 2020, the Court received Plaintiff's second "motion for conjunxtiveness" [sic]. (ECF 20.) This action was then reassigned to the undersigned. Plaintiff seems to challenge his Pennsylvania state conviction(s) and sentence(s) in his motions for "conjunxtiveness."

[3] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Court directs the United States Attorney for the Southern District of New York to provide Plaintiff and the Court with the full and correct identities (and prisoner identification number, if appropriate) of the Warden, the psychiatrist, and Mannanlei.

## DISCUSSION

**A.     Challenges to convictions and sentences**

To the extent that Plaintiff challenges his conviction and sentence in *Cruz*, 1:11-CR-0242 (M.D. Pa.), Judge Stanton has previously construed those challenges as brought under 28 U.S.C. § 2255, and transferred them to the proper venue for those claims, the Middle District of Pennsylvania. (ECF 14, at 5.) Those claims are pending in that court under docket number 1:20-CV-1252 (M.D. Pa.). Plaintiff's present claims in which he again challenges his conviction and sentence in *Cruz*, 1:11-CR-0242 (M.D. Pa.), are therefore duplicative of those claims pending in the Middle District of Pennsylvania. The Court therefore dismisses the duplicative claims in this action without prejudice to Plaintiff's pending claims in the Middle District of Pennsylvania. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may . . . dismiss a suit that is duplicative of another federal court suit.").

Plaintiff also seem to challenge his Pennsylvania state conviction(s) and sentence(s). To the extent that Plaintiff seeks *habeas corpus* relief from those state-court judgments under 28 U.S.C. § 2254, he has brought his claims in a court that lacks jurisdiction to consider them. *See* 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent

3

jurisdiction to entertain the application."), The Court therefore dismisses those claims without prejudice for lack of jurisdiction.

**B.      Plaintiff's claims under *Bivens* against MCC New York**

The Court understands Plaintiff's claims against MCC New York as brought under *Bivens*. But because such a claim can only be brought against a federal officer or employee, the Court dismisses Plaintiff's claims under *Bivens* against MCC New York, a federal prison, without prejudice. *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights.").

**C.      The Warden, the psychiatrist, and Mannanlei**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the amended complaint, Plaintiff supplies sufficient information to permit the Federal Bureau of Prisons (BOP) to identify the Warden, the psychiatrist, and the prisoner Plaintiff refers to as Mannanlei. Those defendants are: (1) the person who was Warden of MCC New York while Plaintiff was incarcerated in that facility between 2011 and 2012, (2) the psychiatrist to which Plaintiff complained about Mannanlei while Plaintiff was incarcerated in MCC New York between 2011 and 2012, and who was responsible for transferring Plaintiff to another federal facility, and (3) the prisoner who was Plaintiff's cellmate in cell 6C-4 in MCC New York, and who assaulted Plaintiff, between 2011 and 2012. The Court therefore orders the United States Attorney for the Southern District of New York, who is the attorney for and agent of the BOP, to ascertain the full and correct identities (and prisoner identification number, if appropriate) of each of the individual defendants whom Plaintiff seeks to sue here and the address where each of those

defendants may be served. The United States Attorney must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the newly identified defendants. The second amended complaint will replace, not supplement, the original and amended complaints. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses without prejudice Plaintiff's claims in which he challenges his conviction and sentence in *Cruz*, 1:11-CR-0242 (M.D. Pa.), and his claims in which he challenges his Pennsylvania state conviction(s) and sentence(s), as well as his claims against "Federal at I.C. Manhattan." The Court therefore denies Plaintiff's motions in which he seeks such relief. (ECF 19 & 20.) The Court also denies Plaintiff's "motion to re-open cases." (ECF 15.)

The Court further directs the Clerk of Court to mail a copy of this order and the amended complaint (ECF 17) to the Civil Division of the Office of the United States Attorney for the Southern District of New York at 86 Chambers Street, 3rd Floor, New York, New York 10007.

A second amended civil rights complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 13, 2020
       New York, New York

                                              VALERIE CAPRONI
                                          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.   **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other: _____

II.   **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City          State          Zip Code

III.   **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other: _____

Page 2

**IV.    DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 2: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 3: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

Defendant 4: _____
First Name            Last Name            Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City            State            Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.     RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____