

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM CRUZ,

        Plaintiff,

    -against-

FEDERAL AT I.C.M. MANHATTAN, N.Y., et al.,

        Defendants.

20-CV-4392 (VEC) (BCM)

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed plaintiff's letter-motions, dated July 28 and August 31, 2020, in which he requests the appointment of pro bono counsel. (Dkt. Nos. 16, 18.) Plaintiff's request is DENIED, without prejudice, for the reasons set forth below.

In deciding whether to grant an application for appointment of counsel in civil matters, the Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). As a threshold matter, in order to qualify for appointment of counsel, plaintiff must demonstrate that his claim has substance or a likelihood of success. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). In reviewing a request for appointment of counsel, the Court must also be cognizant of the fact that volunteer attorney time is a precious commodity and, thus, should not grant appointment of counsel indiscriminately. *Cooper*, 877 F.2d at 172. Moreover, as Judge Stanton of this Court explained in his Order to Amend, dated July 13, 2020 (Dkt. No. 14), even where the court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Order to Amend, at 11 (citing *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490

U.S. 296, 301-10 (1989)). Applying these factors, Judge Stanton concluded that it was "too early in the proceedings for the Court to assess the merits of this action," and consequently denied plaintiff's first two motions for pro bono counsel (Dkt. Nos. 4, 9) "without prejudice to Plaintiff's filing an application for the Court to request pro bono counsel at a later date." *Id.*

In his third and fourth applications for appointment of counsel, plaintiff does not provide the Court with new information, not previously considered, that might produce a different result. The Court notes, among other things, that the Court recently dismissed, without prejudice, plaintiff's claims in which he challenges his conviction and sentencing in the Middle District of Pennsylvania and in a Pennsylvania state court, for lack of jurisdiction, and, as to his remaining claims, directed plaintiff to file a Second Amended Complaint within 30 days of receiving information sufficient to identify the intended defendants. *See* Order dated October 13, 2020 (Dkt. No. 23), at 3-5. The record to date does not permit the Court to conclude that plaintiff has demonstrated a sufficient likelihood of success on the merits to support a request for pro bono counsel. Accordingly, plaintiff's two recent applications for the appointment of counsel must be DENIED, without prejudice to renewal at such time as plaintiff can demonstrate a change in the relevant circumstances.

The Clerk of Court is directed to close the motions at Dkt. Nos. 16 and 18 and mail a copy of this order to plaintiff.

Dated: New York, New York
       October 21, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**