UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ABRAHAM CRUZ,

                Plaintiff,

-against-

I.C.M. MANHATTAN, NY, et al.,

                Defendants.

20-CV-4392 (VEC) (BCM)

**ORDER OF SERVICE**

**BARBARA MOSES, United States Magistrate Judge:**

      Plaintiff, currently incarcerated in a State Correctional Institution in Pennsylvania, brings this *pro se* action against various individuals affiliated with the Metropolitan Detention Center in Brooklyn, New York, where he was formerly detained, alleging violations of his constitutional and state-law rights. By order dated June 30, 2020, the Court granted plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] Pursuant to orders dated January 8, 2021 (Dkt. No. 34) and February 9, 2021 (Dkt. No. 37), plaintiff timely filed a Third Amended Complaint on March 2, 2021. (TAC) (Dkt. No. 39.) The TAC names the following individuals as defendants: Suzanne Hastings (Warden), William Ryan (Psychiatrist), "Mannanlein" (Inmate), Maria Manning (Registered Nurse), Kari Schlessinger (Chief Pscyhologist), Tonya Cooper (Registered Nurse), and Michael McManus (Plaintiff's Cellmate). Additionally, the TAC describes conduct by three other unnamed correctional officers. A review of the TAC, however, demonstrates that plaintiff clearly asserts claims against only the following individuals: Suzanne Hastings, William Ryan, "Mannanlein," and Maria Manning. The United States Attorney has been unable to identify a cellmate named "Mannanlein," despite reasonable efforts. (*See* Dkt. Nos. 27, 35.)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Consequently, the Court now directs service of the TAC upon Suzanne Hastings, William Ryan, and Maria Manning.

## DISCUSSION

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve the TAC until 90 days after the date the summons is issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendants Suzanne Hastings, Maria Manning, and William Ryan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff, together with an information package.

**SO ORDERED.**

Dated:   March 16, 2021
         New York, New York

BARBARA MOSES
United States Magistrate Judge

## DEFENDANTS AND SERVICE ADDRESSES

Metropolitan Detention Center Brooklyn, 80 29th Street, Brooklyn, NY 11232

1. Suzanne Hastings

2. Maria Manning

The service address for defendant William Ryan, who is retired, will be provided to the Clerk of Court and Marshals *ex parte*.