UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM CRUZ,

                Plaintiff,

-against-

I.C.M. MANHATTAN, NY, et al.,

                Defendants.

20-CV-4392 (VEC) (BCM)

**AMENDED ORDER OF SERVICE**

**BARBARA MOSES, United States Magistrate Judge:**

Plaintiff, currently incarcerated in a State Correctional Institution in Pennsylvania, brings this *pro se* action against various individuals affiliated with the Metropolitan Correctional Center in New York, New York, where he was formerly detained, alleging violations of his constitutional and state-law rights. By order dated June 30, 2020, the Court granted plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

The Court issued an Order of Service (Dkt. No. 40) dated March 16, 2021, directing service of the Third Amended Complaint (TAC) (Dkt. No. 39) and summons upon Suzanne Hastings and Maria Manning at the Metropolitan Detention Center Brooklyn (in error), and William Ryan at his last-known address. The docket reflects that the Clerk of Court hand-delivered the service package to the U.S. Marshals to serve the TAC and summons upon those individuals at those addresses. Since that Order of Service was issued, however, certain issues have come to the attention of the Court, including that (1) Suzanne Hastings is retired, and (2) the United States Attorney has been unable to identify a nurse named "Maria Manning" despite reasonable efforts. (*See* Dkt. No. 35.)

Consequently, the Court issues this Amended Order of Service.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

Because plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve the TAC until 90 days after the date the summons is issued. If the complaint is not served within that time, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow plaintiff to effect service on defendants Suzanne Hastings and William Ryan through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to (1) mark the box on the USM-285 forms labeled "Check for service on U.S.A."; (2) issue summonses; and (3) deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

The Clerk of Court is further instructed to (1) complete the USM-285 forms with the addresses for Hastings and Ryan; (2) check the box on the USM-285 forms labeled "Check for service on U.S.A."; (3) issue summonses; and (4) deliver to the U.S. Marshals Service all documents necessary to effect service.

**SO ORDERED.**

Dated:   April 2, 2021
         New York, New York

_____
BARBARA MOSES
United States Magistrate Judge

## DEFENDANTS AND SERVICE ADDRESSES

The service addresses for defendants Suzanne Hastings and William Ryan, who are retired, will be provided to the Clerk of Court and Marshals *ex parte*.