

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/6/21__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABRAHAM CRUZ,

                           Plaintiff,

            -against-

SUZANNE HASTINGS, et al.

                           Defendants.

20-CV-4392 (VEC) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

By Order dated July 12, 2021, I granted plaintiff's request for an extension of time to respond to defendants' motion to dismiss (Dkt. No. 51), giving him until August 9, 2021 to file opposition papers. Since then, while plaintiff has filed a number of motions, declarations, and letters, none appear to oppose defendants' motion to dismiss. Given plaintiff's *pro se* status and out-of-state incarceration, the Court *sua sponte* extends plaintiff's time to respond to defendants' motion to dismiss until **November 5, 2021**. **Plaintiff is again reminded that his opposition papers must be received by the United States District Court for the Southern District of New York no later than November 5, or the motion will be considered unopposed**. An additional copy of defendants' motion will be mailed to plaintiff along with this Order.

In his "motion for court appointed attorneys" filed on September 23, 2021 (Dkt. No. 61), plaintiff again requests court-appointed counsel. That application is DENIED for the same reasons set forth in this Court's Order dated October 21, 2020 (Dkt. No. 24). In his most recent application, plaintiff does not provide the Court with new information, not previously considered, that might produce a different result.

In his "Notice of Motion" filed on September 23, 2021 (Dkt. No. 62), plaintiff requests that the Court "accept new evidence on X-rays," and "new evidence on conflict of interests." Plaintiff also submitted a declaration in support of his motion (Dkt. No. 63), but no actual evidence. The Court notes that discovery has not yet commenced in this action. To the extent plaintiff is requesting an advance ruling as to the admissibility of certain items of evidence, the motion is DENIED as premature.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 61 and 62. The Clerk of Court is also respectfully directed to mail a copy of this order to plaintiff, including the Court's Pennsylvania State Prison "control number" on the envelope.

Dated: New York, New York
       October 6, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM CRUZ,

                          Plaintiff,

        - against -

I.C.M. MANHATTAN, NY, *et al.*,

                          Defendants.

No. 20-CV-4392 (VEC) (BCM)

**<u>NOTICE OF MOTION</u>**

---

PLEASE TAKE NOTICE that, upon the accompanying Memorandum of Law in Support of Defendants Hastings and Ryan's ("Defendants") Motion to Dismiss the Complaint and Declaration of Marc Peakes in support thereof, Defendants, by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, hereby move this Court for an order dismissing the Complaint pursuant to Rule 12(b)(6), or in the alternative, Rule 56, of the Federal Rules of Civil Procedure.

Dated: New York, New York
        June 4, 2021

                        Respectfully submitted,

                        AUDREY STRAUSS
                        United States Attorney for the
                        Southern District of New York
                        *Attorney for Defendants*

                By:     */s/ Jessica F. Rosenbaum*
                        JESSICA F. ROSENBAUM
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York 10007
                        Telephone: (212) 637-2777
                        Email: jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM CRUZ,

                              Plaintiff,

          - against -

I.C.M. MANHATTAN, NY, *et al.*,

                              Defendants.

No. 20-CV-4392 (VEC) (BCM)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HASTINGS AND RYAN'S**
**<u>MOTION TO DISMISS THE COMPLAINT</u>**

AUDREY STRAUSS
United States Attorney
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel:  (212) 637-2777
Fax:  (212) 637-2786
E-mail: jessica.rosenbaum@usdoj.gov

JESSICA F. ROSENBAUM
Assistant United States Attorney
– Of Counsel –

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

PROCEDURAL HISTORY.........................................................................................................2

STANDARD OF REVIEW .........................................................................................................3

ARGUMENT ...............................................................................................................................3

     I.       Plaintiff Has Not Exhausted His Administrative Remedies ..................................4

     II.      The *Bivens* Remedy Does Not Extend to This Context............................................6

          A.      Plaintiff's Deliberate Indifference Claim Presents a "New Context"..........8

          B.      Special Factors Counsel Against Recognizing a *Bivens* Claim Here .........8

     III.     Plaintiff Fails to Plead a Claim for Deliberate Indifference ...................................9

     IV.     Defendants Are Entitled to Qualified Immunity....................................................10

CONCLUSION..........................................................................................................................11

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*Adekoya v. Holder*,
    751 F. Supp. 2d 688 (S.D.N.Y. 2010).....................................................................................10

*Alroy v. City of New York Law Dep't*,
    69 F. Supp. 3d 393 (S.D.N.Y. 2014).......................................................................................3

*Amador v. Andrews*,
    655 F.3d 89 (2d Cir. 2011)......................................................................................................4

*Anderson v. Creighton*,
    483 U.S. 635 (1987).............................................................................................................11

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................................3

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
    493 F.3d 87 (2d Cir. 2007).....................................................................................................3

*Banks v. United States*,
    No. 10 Civ. 6613 (GBD) (GWG), 2011 WL 4100454 (S.D.N.Y. Sept. 15, 2011)...................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................3, 10

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
    403 U.S. 388 (1971)..................................................................................................... passim

*Carlson v. Green*,
    446 U.S. 14 (1980)............................................................................................................6, 8

*Carmona v. U.S. Bureau of Prisons*,
    243 F.3d 629 (2d Cir. 2001)...................................................................................................9

*Celestine v. Mt. Vernon Neighborhood Health Ctr.*,
    403 F.3d 76 (2d Cir. 2005).....................................................................................................9

*Chance v. Armstrong*,
    143 F.3d 698 (2d Cir. 1998)..............................................................................................9, 10

*Davis v. Passman*,
    442 U.S. 228 (1979)...............................................................................................................6

*Doe v. Hagenbeck*,
    870 F.3d 36 (2d Cir. 2017)..............................................................6

*Estelle v. Gamble*,
    429 U.S. 97 (1976) ....................................................................9, 10

*Garcia v. Does*,
    779 F.3d 84 (2d Cir. 2015)............................................................10

*Gonzalez v. Hasty*,
    269 F. Supp. 3d 45 (E.D.N.Y. 2017) ...............................................8

*Hernandez v. Mesa*,
    140 S. Ct. 735 (2020)...................................................................6, 7

*McKenna v. Wright*,
    386 F.3d 432 (2d Cir. 2004)..........................................................11

*Porter v. Nussle*,
    534 U.S. 516 (2002) ........................................................................4

*Smith v. Carpenter*,
    316 F.3d 178 (2d Cir. 2003)..........................................................10

*Tapia-Ortiz v. Doe*,
    171 F.3d 150 (2d Cir. 1999)............................................................3

*Thomas v. Metro. Correction Ctr.*,
    No. 09 Civ. 1769 (PGG), 2010 WL 2507041 (S.D.N.Y. June 21, 2010) .................................5

*Woodford v. Ngo*,
    548 U.S. 81 (2006)..........................................................................4

*Ziglar v. Abbasi*,
    137 S. Ct. 1843 (2017)........................................................ passim

**STATUTES**

28 U.S.C. § 1346 ...........................................................................9

28 U.S.C. § 2241 ...........................................................................9

42 U.S.C. § 1997e .....................................................................1, 4

**OTHER AUTHORITIES**

28 C.F.R. § 542 .............................................................................4

28 C.F.R. § 542.10 ........................................................................8

28 C.F.R. § 542.13 ...............................................................................................................5

28 C.F.R. § 542.14 ...............................................................................................................5

28 C.F.R. § 542.15 ...............................................................................................................5

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 3, 11

Fed. R. Civ. P. 56 .................................................................................................................1

Suzanne Hastings and Dr. William Ryan (collectively, "Defendants"), by their attorney, Audrey Strauss, United States Attorney for the Southern District of New York, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff Abraham Cruz's Third Amended Complaint (the "Complaint"), ECF No. 39, pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Rule 56.

## PRELIMINARY STATEMENT

Plaintiff, who has a long criminal history, is currently incarcerated in the State Correctional Institution in Dallas, Pennsylvania, after being found guilty on two counts of threating a federal law enforcement officer. *See* Judgment, *United States v. Cruz*, No. 1:11-cr-0242 (M.D. Pa. Aug. 18, 2015). Plaintiff has brought a *pro se* action against two former employees of the Metropolitan Correctional Center in New York, New York ("MCC"), asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). In his Complaint, Plaintiff appears to argue that Ms. Hastings, a former warden of MCC, and Dr. Ryan, a psychologist previously employed at MCC, failed to protect him while he was incarcerated at MCC in late 2012. Plaintiff vaguely alleges that Warden Hastings "had an illegal seminar" about him before his arrival at the prison, and that Dr. Ryan performed an "incomplete [psychological] evaluation." Though it is not clear precisely what wrong he believes either of the named Defendants committed, Plaintiff appears to assert a deliberate indifference claim under the Eighth Amendment.

Dismissal pursuant to Rule 12(b)(6) or, alternatively, Rule 56, is warranted for several reasons. First, Plaintiff's *Bivens* claims are barred by the statute of limitations. Moreover, Plaintiff has failed to exhaust his administrative remedies, as he must do under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). Even if Plaintiff had exhausted his administrative remedies, however, the *Bivens* remedy does not extend to this set of facts—and Plaintiff has nonetheless

failed to plead the elements of a claim for deliberate indifference. Finally, Defendants are entitled to qualified immunity because they violated no clearly established constitutional right.

Accordingly, and for the reasons set forth herein, the Complaint should be dismissed.

## FACTUAL BACKGROUND

From October 3 until November 20, 2012, Plaintiff was housed at MCC. On November 18, 2012, Plaintiff informed a nurse that he had been brushing his teeth when his cellmate put him in a headlock, leaving a contusion on the back of his head. *See* ECF No. 39 at 7. Plaintiff contends that Dr. Ryan evaluated him after the incident, and asked Plaintiff if he was suicidal. *Id.* at 8. Plaintiff further claims that Dr. Ryan's evaluation was "incomplete," *id.* at 5, and that "prison officials acted with 'deliberate indifference' to [Plaintiff's] safety, by leaving [him in the] same cell . . . after the . . . incident," *id.* at 7. Two days later, Plaintiff was transferred out of MCC.

## PROCEDURAL HISTORY

Plaintiff filed this lawsuit *pro se* on April 6, 2020, in the United States District Court for the Middle District of Pennsylvania. ECF No. 1. By order dated June 8, 2020, that court *sua sponte* transferred the action to the Southern District of New York. Order, *Cruz v. I.C. Metro Manhattan, New* York, 4:20-CV-0572 (M.D. Pa. June 8, 2020), ECF No. 11. Plaintiff filed an amended complaint in this Court on September 1, 2020. ECF No. 17. On October 13, 2020, the Court dismissed, without prejudice, Plaintiff's claims challenging (i) his conviction and sentence in *United States v. Cruz*, No. 1:11-CR-0242 (M.D. Pa.), which had already been transferred back to the Middle District of Pennsylvania, and (ii) certain Pennsylvania state convictions and sentences, over which the Court lacked jurisdiction. ECF No. 23. The Court also dismissed Plaintiff's *Bivens* claims against MCC, on the grounds that such claims can only be brought against a federal officer or employee—not an institution. *Id.* Plaintiff filed a second amended complaint on December 29, 2020, ECF No. 31, and a third amended complaint on March 2, 2021, ECF No. 39. By order dated

April 2, 2021, the Court directed service of that complaint on Warden Hastings and Dr. Ryan. ECF

No. 44. Service on the government was completed on April 5, 2021.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual

matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[1] A court must accept

the allegations in the complaint as true and draw all reasonable inferences in favor of the non-

movant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A plaintiff

is not required to provide "detailed factual allegations," but must assert "more than labels and

conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to

raise a right to relief above the speculative level." *Id.* Pleadings cannot survive by making "naked

assertions devoid of further factual enhancement," and a court is not "bound to accept as true a

legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Although a pro se

complaint must be construed liberally and with 'special solicitude,' it still has to state a plausible

claim for relief." *Alroy v. City of New York Law Dep't*, 69 F. Supp. 3d 393, 401 (S.D.N.Y. 2014)

(Caproni, J.) (citations omitted).

## ARGUMENT

The statute of limitations for a *Bivens* action arising in New York is three years, *Tapia-*

*Ortiz v. Doe*, 171 F.3d 150, 151 (2d Cir. 1999); thus, to fall within the statute of limitations,

Plaintiff would have needed to file this action by November 2015. But Plaintiff waited until April

2020 to file his complaint. Accordingly, the claims he seeks to assert are time-barred.

---

[1] Internal citations, quotation marks, and alterations omitted herein unless otherwise noted.

For this reason alone, the Complaint should be dismissed. Moreover, even if Plaintiff's claims were not time-barred, they would still fail for any or all of the following reasons: (i) Plaintiff has failed to exhaust his administrative remedies, as he must do under the PLRA; (ii) the facts do not support a deliberate indifference claim under *Bivens*; (iii) Plaintiff has not established the elements of a claim for deliberate indifference; and (iv) Defendants are entitled to qualified immunity.

## I.       Plaintiff Has Not Exhausted His Administrative Remedies

Plaintiff's claims should be dismissed because Plaintiff failed to exhaust his administrative remedies under the PLRA. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement, which applies to "federal prisoners suing under *Bivens*," encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). "The purpose of the PLRA is to reduce the quantity and improve the quality of prisoner suits and to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011). The PLRA requires "proper exhaustion," that is, "compliance with an agency's deadlines and other critical procedural rules," and the use of "all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (emphasis in original). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96.

An inmate in the custody of the Federal Bureau of Prisons ("BOP") may exhaust administrative remedies through a four-step process. *See generally* 28 C.F.R. § 542. In accordance

with the BOP's Administrative Remedy Program, an inmate shall first attempt resolution of her complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. *See* 28 C.F.R. § 542.13(a). The form utilized at this stage is referred to as a "BP-8." *See* Declaration of Marc Peakes ("Peakes Decl.") ¶ 4; *Banks v. United States*, No. 10 Civ. 6613 (GBD) (GWG), 2011 WL 4100454, at *10 (S.D.N.Y. Sept. 15, 2011), *report and recommendation adopted by*, 2011 WL 5454550 (S.D.N.Y. Nov. 9, 2011). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden on a "BP-9" form within 20 days of the event that triggered the inmate's complaint. *See* Peakes Decl. ¶ 4; *Banks*, 2011 WL 4100454, at *10 (citing 28 C.F.R. § 542.14(a)).  If the inmate's formal request is denied, the inmate may submit an appeal ("BP-10") to the appropriate Regional Director of BOP. *See* Peakes Decl.¶ 5; *Banks*, 2011 WL 4100454, at *10 (citing 28 C.F.R. § 542.15(a)). A negative decision from the Regional Director in turn may be appealed by submitting a form "BP-11" to the BOP General Counsel's office (in the BOP Central Office) within 30 days of the Regional Director's decision. *See* Peakes Decl.¶ 6; *Banks*, 2011 WL 4100454, at *10. No administrative remedy appeal is considered finally exhausted until it is considered by BOP's Central Office. *See* Peakes Decl.¶ 7; *see also* 28 C.F.R. §§ 542.14, 542.15.

"Where it appears from the face of the complaint that a plaintiff concedes lack of exhaustion under the PLRA, or non-exhaustion is otherwise apparent, a court may decide the exhaustion issue on a motion to dismiss." *Thomas v. Metro. Correction Ctr.*, No. 09 Civ. 1769 (PGG), 2010 WL 2507041, at *7 (S.D.N.Y. June 21, 2010). Here, the Complaint contains not a single allegation suggesting that Plaintiff has exhausted his administrative remedies—let alone that he even attempted to exhaust those remedies. Indeed, MCC records confirm that Plaintiff did not pursue administrative remedies. Peakes Decl.¶ 9.

Because Plaintiff failed to exhaust his administrative remedies, the Court should dismiss his *Bivens* claim.

## II.     The *Bivens* Remedy Does Not Extend to This Context

In *Bivens*, the Supreme Court held that the petitioner, who was handcuffed in his home by narcotics officers without a warrant, had a right of action under the Fourth Amendment's prohibition of unreasonable searches and seizures. 403 U.S. at 397. The Court held that damages could lie against the federal officials for constitutional violations, absent statutory authorization, because such a remedy could be judicially implied under the Constitution. *See Bivens*, 403 U.S. at 399 (Harlan, J., concurring).

Subsequently, the Supreme Court has recognized only two additional contexts for *Bivens* remedies: one in a case of sex discrimination brought by a federal employee under the due process clause of the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228 (1979), and the second for violations of the Eighth Amendment's prohibition on cruel and unusual punishment, where prison officials' failure to treat an inmate's asthma led to his death, *Carlson v. Green*, 446 U.S. 14 (1980).

The Supreme Court has noted that "*Bivens*, *Davis*, and *Carlson* . . . represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). The Supreme Court has further cautioned that "expanding the *Bivens* remedy is now a disfavored judicial activity," regardless of "how desirable [a remedy] might be as a policy matter, or how compatible with the statute." *Abbasi*, 137 S. Ct. at 1856-57. Indeed, despite many opportunities to extend *Bivens*, the Supreme Court has consistently declined to do so and recently observed that "if 'the Court's three *Bivens* cases [had] been . . . decided today,' it is doubtful that we would have reached the same result." *Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) (quoting *Abbasi*, 137 S. Ct. at 1856); *see also Doe v. Hagenbeck*, 870 F.3d 36, 43 (2d Cir. 2017) ("In the forty-six years since *Bivens* was decided, the

6

Supreme Court has extended the precedent's reach only twice, and it has otherwise consistently declined to broaden *Bivens* to permit new claims.").

Where a complaint raises a *Bivens* claim, the court engages in a two-step inquiry. First, the court must ascertain whether the "case presents a new *Bivens* context." 137 S. Ct. at 1859. Whether a context is "new," as compared to *Bivens* remedies previously recognized by the Supreme Court, takes into account differences in:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 1860. The Supreme Court has counseled that the "understanding of a 'new context'" should be construed broadly so as to include any context that is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Hernandez*, 140 S. Ct. at 743 (quoting *Abbasi*, 137 S. Ct. at 1859). "[E]ven a modest extension" of one of the three recognized scenarios "is still an extension" that presents a new context. *Abbasi*, 137 S. Ct. at 1864.

If the case presents a new *Bivens* context, a court must then evaluate whether "there are special factors counselling hesitation in the absence of affirmative action by Congress." 137 S. Ct. at 1857. The "special factors" inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857-58. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. at 1858. Additionally, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation."  *Id*. at 1865.

### A.    Plaintiff's Deliberate Indifference Claim Presents a "New Context"

Plaintiff's deliberative indifference claim is meaningfully different from "a claim against FBI agents for handcuffing a man in his own home without a warrant; a claim against a Congressman for firing his female secretary; and a claim against prison officials for failure to treat an inmate's asthma." *Abbasi*, 137 S. Ct. at 1860.

Of the three recognized *Bivens* contexts, Plaintiff's claim here is perhaps most similar to the claim at issue in *Carlson*, as it similarly arises under the Eighth Amendment. But the core of Plaintiff's deliberate indifference allegation—that prison officials disregarded his safety by not changing his cell after the incident with his cellmate—is clearly and meaningfully different from a failure to provide life-saving medical care to an inmate with asthma.

Plaintiff's claim thus presents a new *Bivens* context.

### B.    Special Factors Counsel Against Recognizing a *Bivens* Claim Here

The second step of the *Abbasi* analysis, which requires a court to consider whether special factors counsel hesitation in the absence of affirmative action by Congress, also weighs against recognizing a *Bivens* remedy in this action. Where a plaintiff has at his disposal "an alternative remedial structure" that would provide the same or similar relief in the absence of an implied remedy, courts decline to extend the *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1858. Prisoners like Plaintiff have a number of alternative, existing processes available to them. Under the BOP's Administrative Remedy Program, which is the result of congressional action, inmates can file grievances "relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. Other alternative avenues for relief may include the Federal Torts Claim Act ("FTCA") and habeas corpus statutes. *See Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 60 (E.D.N.Y. 2017) (concluding that

the administrative remedy process and the writ of habeas corpus constituted alternative remedies to an inmate's *Bivens* claim).[2]

Even if there were no alternative remedies, the Court should still conclude that special factors counsel hesitation—namely, separation-of-powers concerns regarding the administration of penal institutions. Congress has extensively legislated and made policy choices in the arena of prison administration and inmates' rights, including by passing the PLRA, so it is both "relevant" and "telling" that is has never created a personal damages remedy against a federal prison official. *Abbasi*, 137 S. Ct. at 1862. Thus, "Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs" and, despite a statutory cause of action existing against state prison officials under § 1983, did "not provide for a standalone damages remedy against federal jailers." *Id.* at 1865.

For these reasons, the Court should decline to extend the *Bivens* remedy to the novel context presented here.

## III.   Plaintiff Fails to Plead a Claim for Deliberate Indifference

Plaintiff fails to state a claim premised on deliberate indifference. In order to establish "a claim arising out of inadequate medical care," an individual "must prove 'deliberate indifference' to [his] serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim includes two components: "(1) an objective 'medical need' element measuring the severity of the alleged

---

[2] To the extent the Court construes the Complaint as asserting a claim for habeas relief under 28 U.S.C. § 2241, or a claim under the FTCA, 28 U.S.C. § 1346, it should dismiss those claims for failure to exhaust. *See Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (FTCA's exhaustion requirement "cannot be waived"); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 633 (2d Cir. 2001) ("[F]ederal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief."). In addition, the Complaint fails to state a valid claim under the FTCA or section 2241.

deprivation, and (2) a subjective 'deliberate indifference' element measuring whether the [alleged wrongdoer] acted with a sufficiently culpable state of mind." *Adekoya v. Holder*, 751 F. Supp. 2d 688, 696 (S.D.N.Y. 2010) (citing *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)). "An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Chance*, 143 F.3d at 702.

Deliberate indifference may be "manifested by prison doctors in their response to the prisoner's needs." *Estelle*, 429 U.S. at 104-05. As to non-medical personnel, such as Warden Hastings, Plaintiff must plausibly allege that the defendant "intentionally den[ied] or delay[ed] access to medical care or intentionally interfere[ed] with the treatment once prescribed." *Id.*

Here, Plaintiff merely makes conclusory allegations that "Prison officials acted with 'deliberate indifference' to Mr. Cruz's safety, by leaving Mr. Cruz at same cell with [cellmate] for a week after the first incident." ECF No. 39 at 7. The Complaint is wholly devoid of factual allegations from which it can be inferred that either Warden Hastings or Dr. Ryan had any personal involvement in any action to "intentionally deny[] or delay[] access to medical care" or to "intentionally interfer[e] with the treatment once prescribed." Instead, the Complaint contains precisely the sort of "labels and conclusions," *Twombly*, 550 U.S. at 555, that plainly do not suffice to assert a deliberate indifference claim.

## IV. Defendants Are Entitled to Qualified Immunity

Qualified immunity shields officials from liability for civil damages when "(a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Garcia v. Does*, 779 F.3d 84, 92 (2d Cir. 2015). The Supreme Court has held that "[w]hether qualified immunity can be invoked

turns on the objective legal reasonableness of the official's acts. And reasonableness of official action, in turn, must be assessed in light of the legal rules that were clearly established at the time the action was taken." *Abbasi*, 137 S. Ct. at 1866. A Rule 12(b)(6) motion based on qualified immunity may be granted if "the facts supporting the defense appear[] on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 435-36 (2d Cir. 2004).

Given that Plaintiff fails to plead a claim for deliberate indifference, he certainly cannot establish that it was objectively unreasonable for Defendants to believe their actions did not violate any of his constitutional rights. Further, holding Defendants individually liable here, where Plaintiff has failed to specify any wrongdoing on their part, would create precisely the "fear of personal monetary liability and harassing litigation [that] will unduly inhibit officials in the discharge of their duties" that the doctrine of qualified immunity was intended to avert. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, pursuant to Federal Rule of Civil Procedure 56.

Dated: New York, New York
June 4, 2021

Respectfully submitted,

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By:   */s/ Jessica F. Rosenbaum*
JESSICA F. ROSENBAUM
Assistant United States Attorney
Telephone: (212) 637-2777
E-mail: jessica.rosenbaum@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM CRUZ,

                      Plaintiff,

        - against -

I.C.M. MANHATTAN, NY, *et al.*,

                    Defendants.

No. 20-CV-4392 (VEC) (BCM)

---

## DECLARATION OF MARC PEAKES

I, Marc Peakes, hereby make the following declaration pursuant to 28 U.S.C. § 1746:

1.      I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (the "BOP"), as a Legal Assistant at the Metropolitan Correction Center in New York, New York ("MCC"). I submit this declaration in support of Defendants' motion to dismiss Plaintiff's Third Amended Complaint, ECF No. 39.

2.      I base this declaration on my personal knowledge and on information contained in SENTRY, the BOP's computerized inmate management program which contains, among other things, the BOP's files relating to Plaintiff.

3.      The BOP has established a multi-tiered system, known as the Administrative Remedy Program, by which a federal inmate may seek review of an issue relating to any aspect of his or her confinement except claims for which other administrative procedures have been established (including tort claims, Inmate Accident Compensation claims, and Freedom of Information Act claims). *See* 28 C.F.R. §§ 542.10 to 542.19.

4.      Before initiating the multi-tiered system, an inmate must first present his or her issue informally to staff ("BP-8"). *See* 28 C.F.R. § 542.13. If informal resolution is unsuccessful,

an inmate may initiate the formal administrative remedy process by submitting a Request for Administrative Remedy ("BP-9") to the Warden of his or her facility within 20 calendar days following the date on which the basis for the Request occurred. *See* 28 C.F.R. § 542.14.

5.     An inmate who is dissatisfied with the Warden's response may submit an appeal to the Regional Director on the appropriate form ("BP-10") within 20 calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15.

6.     In the event the inmate is dissatisfied with the Regional Director's response, the inmate may proceed to the next and final level by filing a Central Office Administrative Remedy Appeal ("BP-11") with the BOP's General Counsel within 30 calendar days of the date the Regional Director signed the response. *See id.*

7.     No administrative remedy appeal is considered finally exhausted until it is considered by BOP's Central Office.

8.     In my capacity as Legal Assistant, I have reviewed the SENTRY administrative remedy records pertaining to Plaintiff in this action. I have attached a true and correct copy of those records as Exhibit A.

9.     As reflected in the SENTRY records, Plaintiff filed no formal grievances while incarcerated at MCC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     June 4, 2021
           New York, New York

                                              Marc Peakes

2

# EXHIBIT A

Case 1:20-cv-03992-VEC-BCM Document 53 Filed 06/04/21 Page 22 of 22

```
   NYMDQ            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        06-03-2021
 PAGE 001 OF 001                                                         14:36:29
        FUNCTION: L-P SCOPE: REG  EQ 70167-067   OUTPUT FORMAT: FULL
     -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
 DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
 DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
 DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
 STS/REAS: _____ _____ _____ _____ _____ _____
 SUBJECTS: ____ ____ ____ ____ ____ ____ ____ ____
 EXTENDED: _ REMEDY LEVEL: _ _          RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
 RCV  OFC : EQ ____    ____    ____    ____    ____    ____
 TRACK:  DEPT: _____  _____  _____  _____  _____  _____
        PERSON: ____    ____    ____    ____    ____    ____
          TYPE: ____    ____    ____    ____    ____    ____
 EVNT FACL: EQ ____    ____    ____    ____    ____    ____
 RCV FACL.: EQ ____    ____    ____    ____    ____    ____
 RCV UN/LC: EQ _____  _____  _____  _____  _____  _____
 RCV QTR..: EQ _____  _____  _____  _____  _____  _____
 ORIG FACL: EQ ____    ____    ____    ____    ____    ____
 ORG UN/LC: EQ _____  _____  _____  _____  _____  _____
 ORIG QTR.: EQ _____  _____  _____  _____  _____  _____


 G5152      NO REMEDY DATA EXISTS FOR THIS INMATE
```