USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/24/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
ABRAHAM CRUZ,

                     Plaintiff,

         -against-

SUZANNE HASTINGS, et al.,

                     Defendants.
------------------------------------------------------------------X

20-CV-4392 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge:

       WHEREAS on April 6, 2020, Plaintiff Abraham Cruz, proceeding *pro se*, filed a complaint in the Middle District of Pennsylvania against three unnamed individuals: the director of the Metropolitan Correctional Center ("MCC") (improperly pled as I.C. Metro Manhattan), a psychiatrist at the MCC, and an inmate at the MCC, Dkt. 1;

       WHEREAS on June 8, 2020, the Middle District of Pennsylvania transferred the case to the Southern District of New York, Dkt. 11;

       WHEREAS on July 13, 2020, Mr. Cruz's claims that challenged his 2015 conviction were severed and transferred back to the Middle District of Pennsylvania, Dkt. 14;

       WHEREAS on October 13, 2020, the Court referred this case to Magistrate Judge Moses for general pretrial management and for the preparation of reports and recommendations ("R&Rs") on any dispositive motions, Dkt. 22;

       WHEREAS on March 2, 2021, Mr. Cruz filed the operative complaint in this case against Suzanne Hastings, the warden of the MCC, William Ryan, a psychiatrist at MCC, three

additional members of the medical staff at MCC, "Mannanleinn," an inmate at MCC, Michael McManus, another inmate at MCC,[1] and three other unnamed correctional officers, Dkt. 39;

WHEREAS Mr. Cruz alleges that in October 2012, while he was incarcerated at MCC for a competency evaluation connected to criminal proceedings in the Middle District of Pennsylvania, his cellmate assaulted him, leaving him with a bump on the back of his head, *id.* at 7;

WHEREAS Mr. Cruz further alleges that the Defendants violated the Constitution when they left him in the cell with the cellmate after an earlier incident in which the cellmate confronted him with a razor, *id.* at 6–7;

WHEREAS on June 4, 2021, Ms. Hastings, the MCC warden, and Dr. Ryan, the MCC psychiatrist, the only Defendants who have been served, moved to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. 51;

WHEREAS on November 9, 2021, Mr. Cruz responded to the motion to dismiss in a filing he entitled "Motion to Contour Compliance," Dkt. 66;

WHEREAS on January 31, 2022, Judge Moses entered an R&R, recommending that the Court grant Defendants' motion to dismiss and that the operative complaint be dismissed without leave to amend, Dkt. 72 at 15;

WHEREAS in the R&R, Judge Moses found that Mr. Cruz's claims, which occurred in 2012, seven years before he filed his complaint, were barred by the three-year statute of limitations applicable to *Bivens* claims, *see* Dkt. 72 at 11–12, and that, even if the claims were not time-barred, Mr. Cruz had failed to state a claim, *id.* at 12–14;

---

[1] Mannanleinn and Michael McManus may be the same inmate. *See* R&R, Dkt. 72 at 5 n.5; Compl., Dkt. 39 at 6.

WHEREAS in the R&R, Judge Moses notified the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), they had fourteen days to file written objections to the R&R's findings, *id.* at 16;

WHEREAS after seeking and receiving an extension of his time to file objections, *see* Dkts. 73, 76, on February 28, 2022, Mr. Cruz filed objections to the R&R, Dkt. 77;

WHEREAS in reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1)(C);

WHEREAS when specific objections are made to the R&R, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997);

WHEREAS where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation," *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (cleaned up);

WHEREAS the portions of Mr. Cruz's objections that are comprehensible and related to Judge Moses's conclusions are both conclusory and duplicative with past arguments, *see* Dkt. 77 at 2 (stating that his failure to state a claim is "repeatedly bogus" and "too immature to dictate" without providing any reasoning to support that contention); *id.* at 3 (asserting that his claim "is not time-barred" and that the "statute of limitations is veered, observed here," without explaining his point or providing any further analysis);

WHEREAS because Mr. Cruz's objections are perfunctory and not substantive, the Court may accept the R&R if there is no clear error on the face of the record;

WHEREAS an error is clear when the reviewing court is left with a "definite and firm conviction that a mistake has been committed," *see Cosme v. Henderson*, 287 F.3d 152, 158 (2d Cir. 2002) (quoting *McAllister v. United States*, 348 U.S. 19, 20 (1954)); and

WHEREAS careful review of the R&R reveals that there is no clear error.

IT IS HEREBY ORDERED that the R&R is adopted in full, Defendants' motion to dismiss is GRANTED, and Mr. Cruz's claims are DISMISSED with prejudice.  Mr. Cruz is DENIED leave to file a fourth amended complaint.

IT IS FURTHER ORDERED that the federal claims in the complaint are also dismissed with prejudice against the Defendants who have not yet been served; to the extent Mr. Cruz intended to raise state law claims, those claims are dismissed without prejudice.

IT IS FURTHER ORDERED that because Mr. Cruz's claims are barred by the statute of limitations, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, permission to proceed *in forma pauperis* for purposes of appeal is denied.

The Clerk of Court is respectfully directed to terminate the open motion at docket entry 51 and to close this case.  The Clerk is further directed to mail a copy of this Order to Mr. Cruz, including the Court's Pennsylvania State Prison "control number" on the envelope, and to note the mailing on the docket.

**SO ORDERED.**

Date:  March 24, 2022
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**